IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Antonio Kinloch, #219914, | ) | C/A No. 2:15-0702-MBS |
| Plaintiff, | ) | |
| vs. | ) | |
| Sgt. Kelvin Myers, et al., | ) | **ORDER AND OPINION** |
| Defendants. | ) | |

Plaintiff Antonio Kinloch is an inmate in custody of the South Carolina Department of Corrections (SCDC). He currently is housed at Lee Correctional Institution (LCI) in Bishopville, South Carolina. On January 13, 2015, Plaintiff filed a complaint in the Court of Common Pleas for Dorchester County, South Carolina, asserting claims for deprivation of his constitutional rights. See 42 U.S.C. § 1983. Plaintiff also asserts various state law causes of action. On February 18, 2015, Defendants removed the case to this court. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Mary Gordon Baker for pretrial handling.

This matter currently is subject to a second amended complaint filed September 7, 2016, which named as Defendants Sgt. Kelvin Myers, Assistant Warden Fred Thompson, Investigator Mr. Trey, N.P.-Ms Holcome, M.H.-Ms. Joyner, M.H.-Ms. Harris, Warden C. Anthony, RN-Robinson, Nurse-Ms. K. Scott, Warden Mr. Cartlige, Dr. Charlotte Thompson, Officer Ms. Smith, Warden Reynolds, and Nurse Enloe. Defendants are employed by or medical staff associated with LCI or Plaintiff's prior custody terms at Lieber Correctional Institution in Ridgeville, South Carolina, and Perry Correctional Institution in Pelzer, South Carolina.

Defendant Thompson filed a motion for summary judgment on November 14, 2016. By order filed November 14, 2016, pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. Plaintiff filed responses in opposition to Defendant Thompson's motion on December 1, 2016, and December 2, 2016.

On December 28, 2016, Defendant Anthony filed a motion to dismiss or, in the alternative, motion for summary judgment. A second <u>Roseboro</u> order was issued on December 29, 2016. Plaintiff filed a response in opposition on January 11, 2016.

On January 3, 2017, Plaintiff filed a "Motion asking the Judge to stop the defendants from sending me Back to Dr. Charlotte's hospital for care and treatment." Defendants Anthony, Cartlige, Enloe, Harris, Holcome, Joyner, Myers, Reynolds, and Thompson filed a response in opposition to Plaintiff's motion on January 16, 2017, to which Plaintiff filed a reply on January 25, 2017.

On February 16, 2017, Defendants Cartlige, Enloe, Harris, Holcome, Joyner, Myers, Reynolds, and Thompson filed a motion to dismiss, or, in the alternative, for summary judgment. A third <u>Roseboro</u> order was issued on February 17, 2017. Plaintiff filed a response in opposition to Defendants' motion on March 20, 2017, to which Defendants filed a reply on March 21, 2017, and Plaintiff filed a surreply on March 31, 2017.

On July 27, 2017, the Magistrate Judge issued a Report and Recommendation wherein she recommended that Defendant Thompson's motion for summary judgment be granted. The Magistrate Judge further recommended that Defendant Anthony's motion for summary judgment be granted. As to the motion for summary judgment filed by Defendants Myers, Thompson, Holcome, Joyner, Harris, Cartlige, Reynolds, and Enloe, the Magistrate Judge recommended that summary

judgment be granted as to all Defendants with the exception of an excessive force claim against Defendant Myers. Finally, the Magistrate Judge recommended that the court deny Plaintiff's motion that he not be sent to "Dr. Charlotte's Hospital" and that Defendants Trey, Robinson, Scott, and Smith be dismissed pursuant to Fed. R. Civ. P. 4(m) because they have not been served with the within action.

Defendant Myers filed objections to the Report and Recommendation on August 4, 2017. Plaintiff filed objections to the Report and Recommendation on August 14, 2017, and August 22, 2017. Defendant Thompson filed a Reply to Plaintiff's objections on September 7, 2017.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. This court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

DISCUSSION

The facts are thoroughly summarized in the Magistrate Judge's Report and Recommendation.

A.    Defendant Thompson's Motion for Summary Judgment (ECF No. 116)

Defendant Thompson performed surgery on Plaintiff's eyes in 2004. Plaintiff contends that his eyes looked worse after the surgery and that he was disfigured. The Magistrate Judge determined that any claim against Defendant Thompson should have been brought within three years from the date of treatment, or three years from the date of discovery, as mandated by S.C. Code § 15-3-545(a). However, Plaintiff did not bring an action against Defendant Thompson until 2015, eleven years after his surgeries.

Plaintiff does not dispute the Magistrate Judge's conclusion, but states that he was unaware of the limitations period. As a general proposition, ignorance of the law, even for an incarcerated pro se complainant, does not excuse prompt filing. Rodgers v. Angelone, 113 F. Supp. 2d 922, 931 n.8 (E.D. Va. 2000) (quoting Fisher v. Johnson, 174 F.3d 710, 714-15 (5th Cir. 1999)). Plaintiff further contends that at the time he was dealing with mental and physical health issues, and that the court should allow his claims to go forward. The court construes Plaintiff's request as one invoking equitable tolling. The Court of Appeals for the Fourth Circuit has stated:

> The doctrine [of equitable tolling] has been applied in "two generally distinct kinds of situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." Alvarez-Machain v. United States, 107 F.3d 696, 700 (9th Cir. 1996) (citation omitted). But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

4

Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

In this case, there is no evidence that any Defendant prevented Plaintiff from pursuing his claims. Moreover, Plaintiff has presented no evidence that he was incapacitated by his health issues or other circumstances for over eleven years so that he was precluded from asserting any claims against Defendant Thompson. Plaintiff's objection is without merit.

B.  Defendant Anthony's Motion for Summary Judgment (ECF No. 132)

The Magistrate Judge observed that this Defendant was mentioned in the caption of the second amended complaint, but that Plaintiff included no allegations against Defendant Anthony in the body of the complaint. The Magistrate Judge further noted that Defendant Anthony, a former warden, has not been employed by SCDC since June 29, 2004. The Magistrate Judge therefore concluded that (1) Plaintiff failed to state a claim against this Defendant, and (2) any claims asserted by Plaintiff are time-barred by the three year limitations period.

Plaintiff contends that his failure to name Defendant Anthony in the body of the complaint was inadvertent. Plaintiff again argues that his failure to bring an action against Defendant Anthony within the applicable limitations period was because he was not aware of the requirement, and because he was suffering from health issues during the period complained of. Regardless of any allegations Plaintiff may now wish to assert against Defendant Anthony, his claims are time-barred. The court again finds that Plaintiff is not entitled to claim the benefit of equitable estoppel for the eleven-year period between the time of the events and the date Plaintiff filed this action. Plaintiff's objection is without merit.

C.  Defendants Myers, Thompson, Holcombe, Joyner, Harris, Cartlige, Reynolds, and Enloe's Motion for Summary Judgment (ECF No. 145)

1.  Deliberate indifference to a serious medical need.  Plaintiff contends that he has received inadequate medical care in violation of his rights under the Eighth Amendment.  To prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need.  Velasquez v. Wexford Health Sources, Inc., Civil Action No. PWG-16-1807, 2017 WL 4151278, *6 (D. Md. Sept. 19, 2017) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed either to provide it or ensure that the needed care was available.  Id. (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)).  The subjective component requires "subjective recklessness" in the face of the serious medical condition.  Id. (citing Farmer, 511 U.S. at 839-40).  "'True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk.'"  Id. (quoting Rich v. Bruce, 129 F.3d 336, 340 n.2 (4th Cir. 1997)).

The Magistrate Judge noted that Plaintiff suffers from serious medical needs, including Graves' Disease, hypothyroidism, and mental health issues.  The Magistrate Judge's review of the record, however, revealed that Plaintiff has consistently been treated both within SCDC and by outside providers.  Plaintiff has undergone multiple procedures and surgeries on his eyes and has been examined by numerous physicians, nurses, and mental health professionals.

Plaintiff contends that over the years staff members stopped his medications and said they

would help him but did not.  To establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."  Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), overruled on other grounds by Farmer v. Brennan, 511 U.S. 825, 840 (1994).   Moreover, although the Constitution requires a prison to provide inmates with medical care, a prisoner is not entitled to receive the treatment of his choice.  Ajaj v. United States, 479 F. Supp. 2d 501, 537 (D.S.C. 2007) (citing Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988).  Plaintiff's objection is without merit.

    2.   Conditions of Confinement.   Plaintiff alleges that he has been subjected to overcrowding, bright lights, denials of protective custody, cold meals, cold cells, cells full of mace, and being moved between cells and prisons, in violation of his rights under the Eighth Amendment. The Fourth Circuit has stated:

> The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." This prohibition "proscribes more than physically barbarous punishments."  It also encompasses "the treatment a prisoner receives in prison and the conditions under which he is confined."  In particular, the Eighth Amendment imposes a duty on prison officials to "provide humane conditions of confinement . . . [and] ensure that inmates receive adequate food, clothing, shelter, and medical care."  To that end, a prison official's "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment."  Prisoners alleging that they have been subjected to unconstitutional conditions of confinement must satisfy the Supreme Court's two-pronged test set forth in Farmer v. Brennan, 511 U.S. 825 [] (1994).

> First, Farmer's "objective" prong requires plaintiffs to demonstrate that "the deprivation alleged [was], objectively, 'sufficiently serious.'"  To be "sufficiently serious," the deprivation must be "extreme"—meaning that it poses "a serious or significant physical or emotional injury resulting from the challenged conditions," or "a substantial risk of such serious harm resulting from . . . exposure to the challenged conditions." . . . Second, under Farmer's "subjective" prong, plaintiffs must show that prison officials acted with a "sufficiently culpable state of mind."  In conditions of confinement cases, the requisite state of mind is deliberate indifference. To prove deliberate indifference, plaintiffs must show that "the official kn[ew] of and

disregard[ed] an excessive risk to inmate health or safety." Put differently, the plaintiff must show that the official was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and . . . dr[ew] th[at] inference."

Scinto v. Stansberry, 841 F.3d 219, 225 (4ᵗʰ Cir. 2016) (internal citations omitted).

The Magistrate Judge observed that Plaintiff's claims regarding unconstitutional conditions of confinement "are sprinkled throughout the Second Amended Complaint and are asserted in a general manner with scant details." ECF No. 167, 23. In his objections, Plaintiff states that he has included exhibits showing that he asked for help and for someone to witness his living conditions. The court has reviewed the attachments to Plaintiff's filings and it appears that the concerns he set forth in grievances were addressed by the appropriate individual. The court discerns no foundation in the record for a finding that Plaintiff was exposed to an extreme deprivation or that any prison official acted with a sufficiently culpable state of mind. Plaintiff's objection is without merit.

3. Use of Excessive Force. Plaintiff alleges that Defendant Myers applied excessive force in violation of the Eighth Amendment. To prove the use of excessive force in violation of the Eighth Amendment, Plaintiff is required to demonstrate that the prison official acted with a sufficiently culpable state of mind (subjective component) and the injury inflicted was sufficiently serious (objective component). See Robinson v. Gilliard, Civil Action No.: 5:16-01635-JMC, 2017 WL 3634071, *2 (D.S.C. Aug. 24, 2017) (citing Iko v. Shreve, 535 F.3d 225, 238 (4th Cir. 2008)). "'[T]he core judicial inquiry [for excessive force claims] is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" Id. (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992)). In determining whether constitutionally excessive force was used, the court must consider (1) "the need for the application of force"; (2) "the

relationship between the need and the amount of force that was used"; (3) the extent of any reasonably perceived threat that the application of force was intended to quell; and (4) "any efforts made to temper the severity of a forceful response." Id. (quoting Iko, 535 F.3d at 239).

Plaintiff alleges that on or about April 18, 2013, he was eating a meal in the cafeteria at Lieber Correctional Institution when he noticed Defendant Myers, a correctional officer, moving toward him in a threatening manner. Plaintiff contends that, while eating a piece of cake, he got up from the table to leave because he did not like the "looks, vibe and body language" from Defendant Myers. Plaintiff contends that Defendant Myers bumped into him and was provoking and taunting him. Plaintiff attempted to leave the cafeteria but was instructed by other correctional officers to finish his cake in the cafeteria. According to Plaintiff, Defendant Myers rushed toward him and yelled into his face. Plaintiff ran out of the cafeteria and got in line to be released back to his dormitory. Plaintiff asserts Defendant Myers came up "with a very mean and ugly look on his face," cornered Plaintiff, "and then picked up the Plaintiff under both arms into the air above his head and slam the Plaintiff down to the cement repeatedly on my head and face." ECF No. 89, 7. Plaintiff alleges that when he was on the ground Defendant Myers began punching his body. According to Plaintiff, two other officers held him down while Defendant Myers "punch Plaintiff in the body repeatedly and then took Plaintiff's head and bash his face, Plaintiff's face into the concrete, repeatedly." Id at 8. Plaintiff alleges he suffered injuries to his forehead, knee, eyes, left thumb, nose, and body, and was required to have surgery to his eyes after the incident. Id. at 9.

The Magistrate Judge observed that Defendant Myers presented evidence that Plaintiff refused to obey orders and that the use of force was justified under the circumstances. However, the Magistrate Judge found that, viewing the facts in the light most favorable to Plaintiff, genuine issues

of material fact exist as to whether Defendant Myers used excessive force to subdue Plaintiff. Accordingly, the Magistrate Judge recommended that these Defendants' motion for summary judgment be denied as to this issue.

In his objections, Defendant Myers argues that (1) Plaintiff attempted to evade him; (2) the fact that several officers were needed to restrain Plaintiff supports both the need and amount of force used; (3) Plaintiff's attempts to evade Defendant Myers posed an actual threat to officers, inmates, and institutional security and integrity, and thus Defendant Myers' use of force was employed as a good-faith effort to maintain or restore order; (4) Plaintiff initially disregarded two levels of deterrence, officer presence and verbal commands; and (5) the medical evidence does not support Plaintiff's claims. It is not for the court at the summary judgment stage to weigh the evidence or determine the credibility of the parties with respect to their differing recitation of the facts. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986). The court agrees with the Magistrate Judge that this is an issue for the jury.

Plaintiff objects to the Magistrate Judge's recommendation that summary judgment be granted to Defendant Thompson with respect to this issue. Plaintiff contends that Defendant Thompson, as assistant warden, knew Defendant Myers "was going around being involve in any illegal activities and targeting inmate to beat up or have beaten up, etc." ECF No. 173, 11. The court has located no allegations in Plaintiff's amended complaint to the effect that Defendant Thompson was deliberately indifferent to the allegedly known threat to Plaintiff posed by Defendant Myers. Plaintiff's objection is without merit.

4. <u>Qualified Immunity</u>. Defendant Myers contends that the Magistrate Judge erred in failing to find he is entitled to qualified immunity. Defendant Myers asserts that he did not violate

Plaintiff's constitutional rights. "[E]ven when an officer's conduct runs afoul of the Fourth Amendment, '[q]ualified immunity shields government officials from liability for civil damages, provided that their conduct does not violate clearly established statutory or constitutional rights within the knowledge of a reasonable person.'" Gunsay v. Mozayeni, No. 16-1131, 2017 WL 2684015, *3 (4th Cir. June 21, 2017) (quoting Estate of Armstrong ex rel. Armstrong v. Vill. of Pinehurst, 810 F.3d 892, 907 (4th Cir. 2016)). In determining whether a law enforcement officer is entitled to qualified immunity, the court must ask whether the facts, viewed in the light most favorable to the plaintiff, show that the officer's conduct violated a federal right. Id. (citing Smith v. Ray, 781 F.3d 95, 100 (4th Cir. 2015)). The court also must ask whether the right was "clearly established" at the time of the alleged violation. Id. (citing Ray, 781 F.3d at 100).

The Magistrate Judge observed that it is well established the use of excessive force by correctional officers violates the Eighth Amendment's prohibition against cruel and unusual punishment. However, the Magistrate Judge concluded that a genuine issue of material fact exists as to whether Defendant Myers' conduct violated Plaintiff's constitutional rights. The court agrees that the right asserted is clearly established and finds that, viewing the facts in the light most favorable to Plaintiff, Defendant Myers is not entitled to qualified immunity. Defendant Myers' objection is without merit.[1]

---

[1] The Magistrate Judge found that a genuine issue of material fact exists as to whether qualified immunity applies. Qualified immunity "protects law enforcement officers from bad guesses in gray areas and ensures that they are liable only for transgressing bright lines." Wilson v. Layne, 141 F.3d 111, 114 (4th Cir. 1998). The court concludes that, viewing the facts in the light most favorable to Plaintiff, Defendant Myers' conduct, if proven, would not constitute a bad guess in a gray area. Accordingly, the court finds as a matter of law that Defendant Myers is not entitled to qualified immunity.

D.     <u>Plaintiff's Motion to Not be Sent to Defendant Thompson's Hospital</u> (ECF No. 137)

Plaintiff contends that he was being treated by physicians at the Medical University of South Carolina, but that SCDC physician in charge of medical scheduling now is requiring Plaintiff to be treated at "the same hospital and place that defendant Dr. Charlotte Thompson perform the surgeries that went wrong in her care." ECF No. 137, 2. The Magistrate Judge construed Plaintiff's motion as one for a preliminary injunction.

The Magistrate Judge determined that Plaintiff had not met the factors set forth in <u>Winter v. Natural Res. Defense Council, Inc.</u>, 550 U.S. 7, 20 (2008) (holding that a moving party must make a clear showing that he will succeed on the merits and is likely to be irreparably harmed absent injunctive relief; that the equities must tip in the moving party's favor; and that the public interest is protected). In his objections, Plaintiff asserts that it would be "a huge conflict of interest to send me back to Dr. Charlotte Thompson for any type of care or treatment after all of this abuse she afflicted upon me and the filing of this lawsuit upon or against her." ECF No. 174, 3.

The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47-48 (4th Cir. 1982). Nevertheless, the court has reviewed the Magistrate Judge's application of the <u>Winter</u> factors and concurs in her analysis. Plaintiff's objections are without merit.

E.     <u>Dismissal of Unserved Defendants</u>

The Magistrate Judge recommended that Defendants Trey, Robinson, Scott, and Smith be dismissed pursuant to Fed. R. Civ. P. 4(m), which provides that a court must dismiss an action against a defendant who is not served within 90 days after the complaint is filed, absent a showing

of good cause by the plaintiff.  In his objections, Plaintiff asks for additional time to obtain the addresses of the unserved Defendants.  The amended complaint was filed over one year ago. The Magistrate Judge cautioned Plaintiff by order filed October 3, 2016, that any unserved Defendants were subject to dismissal pursuant to Rule 4(m).  Accordingly, Plaintiff's request is denied.

<u>CONCLUSION</u>

With the exception of the Magistrate Judge's analysis of Defendant Myers' qualified immunity argument, the court adopts and incorporates herein the Magistrate Judge's Report and Recommendation.  For the reasons stated herein and in the Report and Recommendation, Defendant Thompson's motion for summary judgment (ECF No. 116) is **granted**.  Defendant Anthony's motion to dismiss (ECF No. 132) also is **granted**.  Defendants Cartlige, Enloe, Harris, Holcome, Joyner, Myers, Reynolds, and Thompson' motion for summary judgment (ECF No. 145) is **granted in part** as to all Defendants except Defendant Myers, and **denied in part** as to Plaintiff's excess force allegations against Defendant Myers.  Plaintiff's motion for injunctive relief (ECF No. 137) is **denied.**   A notice of trial will be issued by the Clerk of Court in due course.

**IT IS SO ORDERED**.


/s/ Margaret B. Seymour
Senior United States District Judge

Charleston, South Carolina

September 26, 2017

13